GOLDEN v. ADLER et al. (two cases).

(Supreme Court, Appellate Term, First Department.  January 7, 1915.)

LANDLORD AND TENANT (§ 169*)—INJURIES TO TENANT—EVIDENCE—CONTROL
OF PREMISES.

In an action for injuries to a tenant, evidence *held* to show conclusively that defendants had leased the premises to another, who was in full control thereof at the time of the accident, so that a verdict should have been directed for defendants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Bronx, Second District.

Separate actions by Elizabeth Golden and Mary Golden against Samuel Adler and Josef Lax.  Judgment for plaintiff in each action, and defendants appeal.  Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

George W. Hurlbut, of New York City (John J. Coe, of counsel), for appellants.

Claude A. Thompson, of New York City (Alexander Gordon, of New York City, of counsel), for respondents.

DELANY, J.  These are two actions brought against the same defendants—one by an infant for damages for personal injuries, the other by the mother of the infant for loss of her daughter's services and earnings.  Both cases were tried before the court and a jury, which rendered a verdict of $150 in favor of the infant and $85 in favor of the mother.

The infant plaintiff on June 8, 1913, was living with her mother, the adult plaintiff, on the fifth floor of a tenement house on East 132d street, New York City.  On the evening in question, while ascending the stairs leading from the second to the third floors, the infant was thrown down by a defective and loosened rubber tread on the fourth or fifth step from the top of the second flight of stairs.  As a result of her fall she sustained a broken collar bone and was compelled to remain at home, during which time she lost her salary, and on her return to work her salary was reduced by her employers.

One of the defenses interposed by defendants was that these defendants were not in control of the premises on the date of the accident, but that the premises were in the control of their lessee, Fannie Offerman, and had been in said lessee's control from October 30, 1912.  If the judgments against these defendants are not otherwise objectionable, the finding of the jury, under the circumstances, both as to the liability of defendants and the damages, may well remain undisturbed; but as to whether the defendants were the landlords, and were in control of the premises on the date of the accident, is evidently one point upon which the jury was allowed to find, and by their general verdict did find for the plaintiffs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The complaint alleged that the defendants were the landlords and in possession and control of the premises, and the answers, by not denying, admitted these allegations as facts. At the opening of the case, the defendants' attorney moved to amend their answers in the following language:

"Defendants' Counsel: The defendants move to amend their answer by pleading affirmatively the following indenture of lease, dated October 30, 1912, between Samuel Adler and Josef Lax, as landlords, and Fannie Offerman, as tenant, covering the premises known as and by the street numbers 165 and 167 Lincoln avenue, borough of the Bronx, city of New York," etc.

The trial judge granted the amendment, after offering to plaintiffs' attorney an adjournment if he desired one; but plaintiffs' attorney insisted upon proceeding to trial.

Defendants introduced a lease of the premises to Fannie Offerman, which was in writing and signed by only one of the defendants, Adler; the other defendant, Lax, admitting that Adler acted for both of them, and that the paper was a subsisting lease from the 1st day of November, 1912, to the 1st day of November, 1914. The course of the examination of the defendants on this point, by the plaintiffs' attorney, would seem to have been devised with the intention of showing that such a defense was not brought in good faith, and one might surmise that the plaintiffs' attorney believed that the testimony was false; but the cross-examination brought out that the rent was paid monthly by check to the defendants by the alleged lessee, Offerman, and no evidence was introduced to controvert this fact. The lessee, Offerman, testified, and the defendants testified, that the lease in question was made in a lawyer's office; but no evidence was introduced to controvert this, or the time that the lease was made. The adult plaintiff testified that Mrs. Offerman was introduced to her by the defendants at about the time the lease was made, and that the defendants did not in express words introduce her as their lessee of the premises, but did as the person who would thereafter collect the rent. The adult plaintiff testified:

"Q. What, if anything, did he say to you when he introduced Mrs. Offerman? A. He introduced her and Mr. Offerman, that they would collect the rent thereafter."

The adult plaintiff thereafter paid the rent to Mrs. Offerman. She testified, also, that in the very month of this accident she had complained to Mr. and Mrs. Offerman, and sometimes to the housekeeper, as to the condition of the stairs upon which the accident happened.

The listeners at the trial might have been distrustful of the truth of these statements, and perhaps the trial judge was so affected; but there is no evidence in the case to controvert the making of the lease, nor to overcome a single one of the statements of the defendants' witnesses, made on either direct or cross examination, regarding the bona fides of the transaction. When the case closed, therefore, in our opinion, the complaint should, on motion, have been dismissed. The learned trial judge, however, evidently under the belief that an issue of fact had been raised, submitted that question, with others, to the jury in the following language:

"Now, if you find the fact to be that these two defendants, the owners of this property, had yielded entire possession to Fannie Offerman, then they would not be liable, because the premises were in her exclusive control, and they had no domination over it."

This left it free, it seems to us, for the jury to find to the contrary, and there appears to us to be no evidence to support such a finding.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.